The next case for oral argument is 23-2887, United States v. Ruiz. Mr. Thompson. May it please the court. My name is Michael Thompson on behalf of defendant appellant Eliezer Ruiz. This case arises from the sentence imposed by the district court in this case. Ultimately, the question boils down to this. Whether or not the district court erroneously concluded that Mr. Ruiz's action of hiding the firearm in this case was done in order to prevent his co-defendant from being charged, arrested, prosecuted for another crime. Whether he was intentionally serving as an accessory after the fact or obstructing justice when he chose to do that. Now, in this case, Mr. Ruiz argued that he had another reason for hiding the firearm in the trash can after he exited the van. The district court heard that argument but didn't really consider the underlying basis for it. In its ruling on the advisory guidelines on the guideline enhancement that applied, the district court failed to even consider the fact that Mr. Ruiz told a passerby on the scene that he had a gun immediately after exiting the van. At that point, he was not trying to hide the gun from anybody. It was unreasonable for the district court to assume that based on all of the facts and circumstances, Mr. Ruiz was attempting to conceal that gun for the sake of protecting Mr. Lowry, the co-defendant. Because his actions were not consistent with that. There was another explanation for his actions, one that was proffered by Ruiz, that on its own is not one the district court would have to accept. But the fact that he did tell somebody about having the firearm when he had no reason to do so is consistent with his explanation for why he took the gun and inconsistent with what the court ultimately concluded about his motivations. How is it consistent with his purported reason for why he took the gun? Well, his explanation was that he took the gun because, first of all, the fact was that Mr. Lowry handed the gun to him. He didn't take the gun, but he exited the vehicle with it after it was handed to him. His explanation was that he was just trying to get out of there, get the gun away from Lowry, both to protect himself and potentially to protect anybody else that Mr. Lowry might use the firearm on, since he just shot it in sort of a crazy manner in the middle of an alley. If he was attempting to protect Mr. Lowry in taking that gun, there would be no reason to tell some unrelated bystander that he had the firearm at all. If his goal is to hide the gun in order to make sure nobody discovers what Lowry had done, he's not going to say he has it for that reason. I get that, but I'm asking you the flip side of the coin. Why is it consistent with his explanation? Because his explanation was that he was trying to get it away from Lowry. So if he jumps out of the car with the gun and he's telling somebody, okay, there's a gun here, he's trying to protect everybody else around from it being used. That's his explanation. And if he's telling people he has it, that furthers that goal because he's warning the public essentially. There's no reason for him to do that in the other scenario. The point isn't that he's some do-gooder here. It's that the person… But why does he have to warn the public since he has the gun and Lowry doesn't have the gun anymore? He doesn't have to, but the fact that he did… You're asking us to make this kind of – you're saying that it's a reasonable conclusion to – or reasonable inference to say that Mr. Ruiz informing this third-party person was somehow consistent with his desire to make sure that Lowry no longer had the gun and could no longer shoot people. Well, he's accomplished that, and so for what – why would telling someone what he did further his own purposes? Whether it does or doesn't, Your Honor, I think it does because I think he's trying to tell them, hey, this is what I'm doing right now. I have this gun. If you don't want to be around a gun, I have it. I'm not – that wasn't the position that is necessarily obvious from the rest of the circumstances, Your Honor, but I think the fact that he did tell the bystander that he had it is wholly inconsistent with the conclusion that he was attempting to protect Lowry. That's not something that Lowry would want done. That's not something he should have any reason to believe Lowry would want done. So the fact that he takes this step of informing some unrelated person that there is a gun who has no reason to believe there's a gun otherwise doesn't do anything to further any supposed shared goal with Lowry of covering up this crime that had just occurred moments before. So the fact that the district court ignored that fact, didn't even analyze it in imposing the enhancement, shows that his conclusion at the district court's level was erroneous in this case because there was a fact that was inconsistent with that conclusion, and it didn't address why it was disregarding that fact. Isn't it implicit that he's disregarding it because your client had lied to the police in the first instance? He takes the gun from Lowry. He throws it in a trash can nearby. He sees the police, and he lies to the officers and told them that the victim was the one who shot it. It seems to me there's a reasonable inference there that he didn't believe your client. And the court did make that inference, Your Honor, that the initial lies to the police were indicative of some intent to cover up something. Which is a very reasonable inference to make. It is at that time, Your Honor. These lies were told a little bit later, however. They weren't immediately after the firearm was possessed. This was a later contact, and at the time the firearm was being possessed, which is the crime, not much later. It was, I think, within minutes because he returned to the alley. Yeah, it was after he returned, but at the time he had the firearm, he wasn't making statements to the police. He was making statements to somebody else, saying, I have this gun. That's the one fact that we're saying is inconsistent. I agree, and Mr. Ruiz agreed, that the statements he made to the police were false. It's a preponderance of the evidence standard. Yes, but it has to be part of the same course of conduct, Your Honor. The charge in this case wasn't obstruction. It wasn't accessory after the fact. It was possession of the firearm. So the question is whether or not the possession of the firearm itself was part of some attempt to obstruct justice or conceal this crime. And his statements to the police, if that's standing on its own, if he was charged with that, that would be one thing. But that wasn't done at the time he possessed the firearm. And the district court didn't exactly make the analysis necessary to say that was part of the same offense or the same course of conduct. It used it more to inform its decision on what it believed Mr. Ruiz's motivations were in taking and hiding the gun. But it didn't actually go through the steps that a court would normally do to make a relevant conduct finding, which is what the advisory notes say should be done in a case like this. And the obstruction, the distinction between obstruction and accessory here is essentially meaningless. It's the same set of facts. It's the same analysis. Both the parties and the court treated them as if they were the same thing below. There's no—it's not really two offenses we're talking about. It's one offense counted two different ways as far as the enhancement goes. So the government's argument that that was somehow waived, I think, is not applicable here because nobody treated it as two different things. And it's the same argument, the same factual basis. Similarly, the government argued that the error here would be harmless because the district court said it would impose the same sentence regardless of its calculations, the guidelines. However, I think in this case that shouldn't be dispositive because that statement, to the extent it was explained, was relying upon the district court's conclusion that Mr. Ruiz had this motivation to obstruct justice and cover up an offense at the time he did it. That's what the circumstances the court were considering were. So if that factual conclusion was erroneous, there's no reason to believe the same sentence would be imposed. So unless there are any further questions at this time, I would reserve the remainder of my time for rebuttal. Thank you, Mr. Thompson.  May it please the court, Maureen Marin on behalf of the United States. The district court did not clearly err in finding by a preponderance of the evidence that the defendant possessed this short barrel firearm in connection with two offenses, accessory after the fact to attempt murder and obstruction of justice. There was substantial evidence in the record supporting the district court's finding. First, in his plea agreement, the defendant admitted to hiding the gun in the trash can after his co-defendant used it to shoot at the victim. He further admitted in his plea that he returned to that same trash can because he was worried that the police would find the rifle. Not only did the defendant admit to the concealment straight out in his plea, as the district court recognized, there's a larger context here. The district court wasn't just considering whether he hid the gun and whether he lied to the police, but he was actually looking at the defendant's conduct from the beginning of the event to the end. And there, too, the facts support the district court's conclusion that the defendant was acting to aid Mr. Lowry all the way through the event. The defendant admitted to hearing Mr. Lowry threaten the victim with death, to seeing Lowry pull a knife on the victim. The defendant punched the victim in the face, causing the victim to drop his phone. And then the defendant returned to Lowry's car, got back in the car with Lowry. He saw Lowry take the rifle out of the car while the victim is pursuing Lowry and the defendant. He saw Lowry come back in the car. There's a second stop where he again sees Lowry take out the short-barreled rifle and there sees him shoot at the victim. There, Lowry gets back into the car. A short time later, the defendant not only is handed the gun by Lowry, but then the defendant takes another act of concealment, which the district court recognized. He puts it in a bag with the extended magazines and takes that bag out of the car. He then discards the bag. He runs into this passerby, says he has a gun, and he discards the bag in the trash can. The district court was right to consider that fact, which the record is clear that the district court meticulously considered all the facts in the case. This was a two-day sentencing hearing. And the decision just on this point, whether the gun was in furtherance of the offense, took an entire afternoon. The district court looked at that fact, the concealment in the trash can, and the statement to the passersby, and then looked, as your honors have pointed out, at what happened next. If it were true, if the defendant's explanation at sentencing is that, oh, he was panicked and he wasn't trying to help Mr. Lowry, instead he was just trying to protect the public and protect other people, that just does not match up with what the defendant did immediately afterwards. He stayed with this witness, the woman that he told he had a gun to. He stayed with her, and she told police that she felt frightened by him. He stayed with her. The police pull up because they're investigating the shots fired, and he tells a false story, a totally false story, that puts the blame on the victim, totally takes Mr. Lowry and anything involving the rifle out of the vents. The district court was right to weigh that more heavily than the defendant's claim that, oh, he was just panicked. The nature of that lie, that he didn't disclose what the gun was, that he didn't disclose Mr. Lowry's involvement, really flies in the face of his claim now that all he was doing was panicking and trying to protect himself. And further, the district court also considered what Mr. Ruiz did after the stop, which was that he admitted in his plea that he returned to that trash can because of his concern that the defendant would find the rifle. Therefore, Your Honor, it's our position that the district court's determination in this case was supported by a preponderance of the evidence, and we would ask you to affirm the district court's decision. Could I ask you a question about something the district court did? As part of the hearing, the district court had some discussions with the government about whether or not Mr. Lowry's actions could serve as, quote, another felony offense under 2K2.1B6B. That's a mouthful. It seemed to me that at the sentencing hearing, the government's position was that Mr. Lowry's actions, shooting another person, attempted murder, could actually satisfy another felony offense under that subsection. Is that still the government's position? I don't think – if that is how the transcript read at the sentencing, then that is not what I intended to – because I was counsel at the sentencing, that's not what I intended to convey to the district court, because that application note that we were discussing in 2K1.2B6B also goes back to relevant conduct principles. So you have to use that as the framework for analyzing it. I think I said that it was not necessarily impossible, but it's going to have to be governed by relevant conduct principles, which is not an issue the district court had to visit here because of the nature of Mr. Ruiz's involvement. So I take it from your statement here, then, that Mr. Lowry's actions likely would not fall within the relevant conduct of the offense that Mr. Ruiz was convicted of. Is that correct? So the offense is possession of which Mr. Ruiz was convicted, is possession of a firearm by a felon. I just have a hard time – I was trying to have a hard time understanding how Mr. Lowry's actions could – and I think at some point there's some discussion about the government and the district court that that could possibly be the case, and that really struck me as a bit overreaching. Well, I don't think the district court made the decision on that basis. I think the district court – I mean, the other felony offense has to be a felony offense committed by Mr. Ruiz, right? It can't be another felony offense committed by a third party. I think it could be another felony offense. I guess maybe in my confusion around a maybe, I think it's possible that we could have a felony offense committed by a third party, and Mr. Ruiz notwithstanding that, participating in that felony offense in some way. So in this case, we have accessory after the fact or obstruction of justice, which is kind of a weird scenario, right? Normally, you would have something pretty simple, like a bank robbery. And then even in a bank robbery, maybe it would be a little more complicated because then you'd have all kinds of accountability principles that could go with, you know, was it Mr. – if this was a hypothetical bank robbery, was it Mr. Ruiz who actually held the gun? Was he just the getaway driver and knew that a gun would be used? Is he still responsible under that basis? But that's not what we have here. We have somebody who took possession of the gun in connection with these other felony offenses, and then subsequently, when he had possession of the gun, used that gun in a way that resulted in the commission of two separate crimes, which is the accessory after the fact and the obstruction of justice. All right. Thank you. If there are no further questions, then we'd rest on our brief and ask you to affirm the district court. Thank you, Ms. Maron. Mr. Thompson. And to Judge Lee's point, I think the district court did say that it was under the impression that an offense committed by someone such as Mr. Lowery could be sufficient to qualify for this, although it also then went on to find that it didn't need to rely on that because he was finding that the accessory after the fact was committed. I think that initial finding was erroneous, standing on its own, because there has to be a separate finding for that to work, that the defendant in question is legally responsible for the actions of the other perpetrator. But the court didn't rely on Mr. Lowery's felony. It did not rely on that alone. It did say that it did believe that was sufficient and then went on to do the rest of the analysis. Yes. So to the extent that the rest of it was going to be vacated, it couldn't rely on just Lowery's commission of a felony without an additional finding that Mr. Ruiz was criminally responsible, legally responsible for those actions, which wasn't made here. And again, while I agree that the statements to the police were false and that could be the basis for a finding of obstruction of justice, there is not a finding in this record that that was done as part of the same course of conduct as the offense of conviction, which is the possession of the firearm. So the only finding that could underlie this enhancement is one that the possession of the firearm was done with the intention to obstruct justice or with the intention to hinder an investigation. But the finding wasn't that the lie was the obstruction. The finding was evidence in support of the defendant's accessory or obstruction. I completely agree with you. I'm just making sure that there's no misunderstanding of what the finding was because there needs to be a finding that the possession itself was done with the intention of hindering the investigation or obstructing justice, and the evidence in this record is not sufficient to establish that and is, in fact, inconsistent. Thank you, Mr. Thompson. Thanks to both counsel. The court will take the case under advisement.